```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TOM BARKER,

                Plaintiff,

vs.                             Case No. 2:09-cv-795-FtM-36SPC

A. SIMMONS,

                Defendant.
_____

## **ORDER**
## **I.**

This matter comes before the Court upon Plaintiff's "Motion to Reinstate All DCF, GEO and Liberty Defendants Who Were Dismissed Without Prejudice" (Doc. #58, Motion), filed September 8, 2011. Plaintiff submits in support of his Motion numerous exhibits. *See* List of Exhibits (Doc. #59, Pl. Exhs. A-V). Plaintiff, who is civilly confined at the Florida Civil Commitment Center ("FCCC"), asks the Court to reinstate the Defendants who were dismissed without prejudice pursuant to the Court's July 27, 2011 Order (Doc. #56). Plaintiff does not identify the procedural grounds upon which he files the instant Motion. Nonetheless, because the Motion was filed in excess of the thirty-day limitation set forth in Federal Rule of Civil Procedure 59,[1] the Court construes the Motion as brought under Federal Rule of Civil Procedure 60(b).

---

[1] Even if the Court afforded Plaintiff the benefit of the mailbox rule, Plaintiff did not deliver the Motion to FCCC officials until September 6, 2011 for mailing. *See* Stamp stating "Received Sep 06, 2011 Fl Civil Commitment Center" Doc. #58-1.

**II.**

Rule 60(b), Fed. R. Civ. P., permits a litigant to move for relief from a final order for a number of reasons. In particular, Rule 60(b)(1) permits the court to grant relief on "just terms" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered . . .; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . reversed or vacated; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *GJR Invs., Inc. V. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)(citation omitted). Such a showing requires the party to demonstrate that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citation and quotation omitted). Even if the circumstances are "sufficiently extraordinary to warrant relief . . . whether to grant the requested relief is a matter for the district court's discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration omitted); *see also United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997).

**III.**

After liberally construing Plaintiff's *pro se* complaint, the Court granted the respective motions to dismiss filed on behalf of Defendants Liberty and The United States Postal Service, denied the motion to dismiss filed on behalf of the GEO Group, Inc, George Santana, Paul Pye and A. Simmons, but dismissed Defendants the GEO Group, Paul Pye, and the Secretary of The Florida Department of Children and Families pursuant to 28 U.S.C. § 1915. Further, the Court directed Defendant Simmons to file an answer to Plaintiff's Complaint. *See generally* July 27, 2011 Order.

Plaintiff makes the following objections to the Court's July 27, 2011 Order.

**1. Statute of Limitations**

Plaintiff argues that the Court improperly deemed the emails attached to Plaintiff's response in opposition to Liberty's motion to dismiss as "irrelevant." Motion at 1. Plaintiff argues in great detail why he considers the emails relevant and contends that, although dated between October 2005 and November 2005, the emails are relevant to the instant action because under the mailbox rule, Plaintiff's Complaint was filed November 30, 2009, instead of on December 7, 2009, the date the Complaint was received and docketed by the Court. *Id*. at 1-3.

The relevancy of the subject emails, or the relevancy of any documents submitted by Plaintiff as exhibits to his response in

opposition to Liberty's motion or to his instant Motion, is a nonissue. The Court expressly pointed out that the subject emails submitted by Plaintiff, as well as his Affidavit, were not considered by the Court in ruling on the pending motions to dismiss because the Court "limits its consideration to the pleadings and exhibits attached thereto. . . " in ruling on a Rule 12(b)(6) motion. July 27, 2011 Order at 2, n.2 (citing *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n. 7 (11th Cir. 2006)). Consequently, the Court finds no basis to reconsider its July 27, 2011 Order on this ground.

**2. First Amendment/Access to Court Claim**

The Court found that Plaintiff's First Amendment access to court claim failed as a matter of law because the Complaint "contains no allegations that the failure to provide notary services, the delay in providing Plaintiff with a copy of his FCCC resident account, or any interference with Plaintiff's legal mail caused Plaintiff harm or prejudiced Plaintiff in a criminal appeal, post-conviction matter, or in a § 1983 action." July 27, 2011 Order at 13 (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Plaintiff submits that the Court erred in dismissing his First Amendment Access to Court claim because "he had at least one § 1983 Complaint dismissed . . . because of the [sic] failing to provide a copy of his account statement . . . ." Motion at 3. Plaintiff does not dispute that he did not allege an actual injury in his

Complaint because he wanted "to keep his Complaint short and concise" and because he "believed" "the Court would have already realized this." *Id*.

Even in the instant Motion, Plaintiff does not provide the Court with the case number which he contends was dismissed due to his failure to comply with a filing deadline. Further, it is not the duty of the Court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Invs. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)(citations and internal citations omitted). Nor is the Court supposed to speculate that Plaintiff has been injured. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Thus, the Court denies Plaintiff relief on this ground.

**3. First Amendment/Interference and Destruction of Mail**

The Court found that Plaintiff's First Amendment mail claims alleging that Defendants, other than Defendant Simmons, were wholly conclusory or failed to articulate a constitutional violation. July 27, 2011 Order at 15-17. In his Complaint, Plaintiff averred only that Defendants Pye and Santana developed mail policies that were "unlawful." *Id*. at 15. With respect to Defendant GEO, Plaintiff complained that GEO failed to provide an "outgoing mail log" and developed an approved magazine list, which resulted in certain of his publications being sent home. *Id*. at 16. Plaintiff attributed liability to Defendant Liberty on the basis that, at

some point in time, Liberty developed an "approved magazines and newspapers" list. *Id*. at 17. Again, Plaintiff does not dispute that his Complaint contained only conclusory allegations, or failed to articulate a constitutional violation against the Defendants, other than Defendant Simmons. Motion at 3. Instead, Plaintiff argues that he was attempting to comply with Rule 8 and "made a brief statement of the allegation in order to respect judicial resources." *Id*. In the instant Motion, Plaintiff seeks to clarify his claims with additional facts and includes the language of the various policies that Plaintiff contends violates his constitutional rights.

The Court will not consider these additional facts or the language of the policies because none of these newly raised facts nor any of the language of the policies at issue were included in Plaintiff's Complaint at the time the Court ruled on the dispositive motions. The Court explained the standards applied by the Court in ruling on the respective dispositive motions. July 27, 2007 Order at 7. In order to survive a motion to dismiss, a complaint must allege **facts** that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quotation omitted). A claim is plausible where the plaintiff alleges **facts** that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard

requires that **a plaintiff allege sufficient facts** "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556. Conclusory statements, without more, are insufficient to show a right to relief. *See Ashcroft,* 556 U.S. at ___, 129 S.Ct. at 1949.

Plaintiff provided no facts in his Complaint to support his allegations that the mail policies in effect at the FCCC were unlawful. Consequently, the Court finds this ground does not warrant the Court reconsidering its July 27, 2011 Order.

Based upon the foregoing, the Court finds that Plaintiff fails to demonstrate that the Court erred in its findings. Any other ground raised in Plaintiff's motion to reinstate and not addressed herein is also deemed to be without merit.

ACCORDINGLY it is hereby

**ORDERED and ADJUDGED:**

Plaintiff's "Motion to Reinstate All DCF, GEO and Liberty Defendants Who Were Dismissed Without Prejudice" (Doc. #58), construed as a Rule 60(b) motion, is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, on this 22nd day of November, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: hmk
Copies to: All current and former parties of record